UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor | : : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 15-7149 |
| v. | : | **Opinion** |
| A.C.E. RESTAURANT GROUP, INC., A.C.E. RESTAURANT GROUP OF NEW YORK, LLC et al., | : : | |
| Defendants. | : | |

This matter comes before the Court on Motion to Dismiss [Dkt. No. 15] of Defendants A.C.E. Restaurant Group, Inc., A.C.E. Restaurant Group Of New York, LLC et al., (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the written submissions of the parties and the arguments advanced at the hearing on September 27, 2016, at which time Thomas E. Perez was the Secretary of Labor for the United States Department of Labor.1 For the reasons stated on the record that day and for those that follow, Defendants' motion to dismiss is denied.

## I. Background

The Secretary of Labor for the United States Department of Labor brings this

---

1 Pursuant to Fed. R. Civ. P. 25(d), Secretary of Labor Alexander Acosta has been substituted for Thomas E. Perez.

action against several Defendants. Defendants A.C.E. Restaurant Group, Inc. and A.C.E. Restaurant Group of New York, LLC manage, own, and operate seventeen restaurants in New Jersey and Long Island, New York. See Compl. ¶ 4.  Each of the seventeen restaurants is a separately formed legal entity; however, all of the restaurants are commonly known as operating under the name "Houlihans." Id.   All of the restaurants are named as Defendants.

In general terms, the three count Complaint2  alleges that Defendants engaged in various unlawful tip, payroll, and recordkeeping practices. Count I alleges violations of 28 U.S.C. §§ 6(a) and 15(a)(2) of the Fair Labor Standards Act ("FLSA") for the failure to pay minimum wages. Id. ¶¶ 114-116.   Count II alleges that Defendants failed to pay overtime wages, in violation of 28 U.S.C. §§ 7 and 15 (a)(2) of the FLSA. Id. ¶¶ 117-119. Finally, Count III alleges that Defendants violated the FLSA by failing to make, keep, and preserve adequate and accurate records, in violation of 28 U.S.C. §§ 11(c) and 15(a)(5). Id. ¶¶ 120-121.

Defendants make two chief arguments in support of dismissal: 1) that the Complaint is factually deficient and fails to meet the pleading standards of Fed. R. Civ. P. 8 and, 2) that the Secretary is precluded, under the doctrines of *res judicata* and collateral estoppel, from "re-litigating" these claims in light of the New Jersey Department of Labor's Orders of "no violation." For the reasons that follow, the Court disagrees and will deny Defendants' motion to dismiss.

---

2  The Complaint was amended on January 11, 2016 and the present motion relates to the First Amended Complaint.

## II. <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See <u>Chester County Intermediate Unit v. Pa. Blue Shield</u>, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. <u>Bogosian v. Gulf Oil Corp.</u>, 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. <u>Watson v. Abington Twp.</u>, 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." <u>U.S. Express Lines, Ltd. v. Higgins</u>, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted). <u>Accord</u> <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" <u>Id.</u>

3

U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)."

4

Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

The Complaint sufficiently sets forth claims of minimum wage, overtime, and record keeping violations, pursuant to Rules 8 and 12 (b)(6). At the pleading stage, the Secretary is not required to marshall all proofs in support of his claim. Rather, the burden on a motion to dismiss is one that establishes a plausible claim for relief. That burden is met.

A. Claims for Failure to Pay Minimum and Overtime Wages

The FLSA expressly contemplates claims for minimum wage violations and for failure to pay overtime wages. "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Genesis Healthcare Corp. v. Symczyk, ––– U.S. ––––, 133 S.Ct. 1523, 1527, 185 L.Ed.2d 636 (2013). In order to recover under the FLSA, a plaintiff must allege either the failure to pay the minimum wage or a failure to pay for overtime. 29 U.S.C. §§ 201-19. A cognizable claim for overtime must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for

5

the excess hours)). The Secretary's Complaint satisfies this pleading standard by alleging examples of dates and times when employees worked in excess of forty hours in a work week without the benefit of overtime compensation. Compl. ¶¶ 97-98.

The same can be said as to the nature of the pleadings with respect to other minimum wage violations. See Compl., ¶¶ 69-91; 73-78; 99-108. The Complaint sets forth violations of § 203 (m), which provides:

> "Wage" paid to any employee includes the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees: Provided, That the cost of board, lodging, or other facilities shall not be included as a part of the wage paid to any employee to the extent it is excluded therefrom under the terms of a bona fide collective-bargaining agreement applicable to the particular employee: Provided further, That the Secretary is authorized to determine the fair value of such board, lodging, or other facilities for defined classes of employees and in defined areas, based on average cost to the employer or to groups of employers similarly situated, or average value to groups of employees, or other appropriate measures of fair value. Such evaluations, where applicable and pertinent, shall be used in lieu of actual measure of cost in determining the wage paid to any employee. In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to--
>
> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the

> employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C.A. § 203 (West).

An employee is "engaged" in a particular occupation only to the extent that she performs duties consistent with that occupation; job title alone does not suffice. See 29 C.F.R. § 541.2. Here, the Complaint alleges that certain employees were included in the tip pool even though they performed work not eligible for "tips." For example, the Secretary alleges that tip ineligible employees working as janitors, or food expeditures, were included in the tip pool even though they performed services including "pre-opening custodial work . . . included vacuuming, polishing furniture, maintaining grounds, and deep-cleaning restrooms." Compl. ¶¶ 81-87.

Employers of workers engaged in "tipped" occupations may pay those "tipped employees" less than minimum wage and realize a credit for the "tips" those workers receive from customers, up to the amount that causes each worker to realize a "minimum wage." 29 U.S.C. § 203(m); Fast v. Applebee's Int'l, Inc., 638 F.3d 872, 876 (8th Cir. 2011). The amount of the tip credit is the difference between the worker's wage per hour and the minimum wage pursuant to 29 U.S.C. § 206 of 7.25 per hour. Fast, 638 F.3d at 874. Relevant here, an employer earns a tip credit only on the wages of workers who qualify as "tipped employees," and, *inter alia*, only where the employer: (2) informs the tipped employees of the provisions of Subsection 3(m). 29 U.S.C. § 203(m); Kilgore v. Outback Steakhouse of Fla., Inc., 160 F.3d 294, 298 (6th Cir. 1998); Martin v. Tango's rest., Inc., 969 F.2d 1319, 1323 (1st Cir. 1992) ("Congress has in Section 3 (m) expressly

required notice as a condition of the tip credit and the courts have enforced that requirement.")). 29 C.F.R. § 531.56(e).

The Complaint sets forth select descriptions of operational violations, including an allegation that Defendants failed to properly notify its employees of the tip credit provisions as required by 29 U.S.C. § 203 (m). Id at ¶¶ 70-71. Here, the Secretary sufficiently alleges that notice was lacking pursuant 29 U.S.C.A. § 203.3. In addition, the Secretary alleges that the Defendants failed to distribute the entirety of the tip pool to the tipped workers and distributed tips to workers who performed services outside the definition of a "tipped employee" in violation. § 203 (m). See Compl. ¶¶ 73-78.4 The Complaint sets forth examples and allegations demonstrating that the Defendants failed to regularly distribute the entirety of the tip pool to the tipped employees. Id.

---

3 Defendants contest the Secretary's claim that claim that notice was lacking and argue that each restaurant had a posted detailing the provisions of 3 (m). Such an attack sounds in summary judgment. Moreover, there are several indicia of notice and the presence of a poster, alone, "is not sufficient notice to employees of the provisions of 3 (m)." *Opinion Letter Fair Labor Standards Act (FLSA),* 1997 WL 958300, *1 (Jan. 21, 1997). The notice must convey:
> Pursuant to section 3(m), an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59; See also Driver v. Appleillinois, LLC, 917 F. Supp. 2d 793, 801 (N.D. Ill. 2013) ("Before the USDOL finalized 29 C.F.R. § 531.59(b), opinions differed to some extent about what was required to "inform" employees about the provisions of § 203(m).")

4 Any employee who performs "dual jobs" and does work which qualifies as tipped and non-tipped may only receive tips, as a "tipped employee," for the time spent performing the duties of the tip eligible position. Id.; Fast, 638 F.3d at 876. It follows that as to "dual job" employees, the employer must pay the employee full minimum wage for the time that employee works in the non-tipped position. 29 C.F.R. § 531.56(e).

Defendants are also alleged to have kept a total balance of withheld tip pool monies totaling $40,000.00 as of May 2014. Id. ¶ 78. Thus, the Complaint sets forth plausible violations of 203 (m).

B. Record Keeping

The Secretary's Complaint adequately sets forth claims of failure to keep records with respect to employee meals and off the clock workers. Section 211 (c) of the FLSA requires an employer to "make, keep and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time." 29 U.S.C. § 211 (c). Wage deductions for meals must be recorded to include the cost of the meal. 29 C.F.R. §516.27; Ron Chen v. Century Buffet & Rest., Civ. No. 09-1687 2012 WL 113539, *5 (D.N.J. Jan. 12, 2012). In addition, the amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week. 29 C.F.R. § 516.28, Paredes v. Paulison Car Wash & Detailing, Inc., No. 14-CV-03957, 2016 WL 7130914, at *4 (D.N.J. Dec. 7, 2016). The Secretary puts forth sufficient record keeping violations to raise the claims beyond the speculative level. Sufficient facts are plead to support plausible record keeping violations. See Compl. ¶¶ 109-113.

As to the minimum wage, overtime, and record keeping claims, the Secretary admits that the Complaint fails to set out every instance of infraction and provides only a few examples related to specific restaurant cites to highlight the nature of the alleged violations. The Complaint, however, alleges a common management team exercised

control and operation of the individual defendant restaurants. Compl. ¶¶ 4-9. In that capacity, the management team, lead by Defendant Runstead, employed the executive management team at all of the restaurants in New York and New Jersey. Id. ¶ 5. Defendants A.C.E. Restaurant Group of Inc. and A.C.E. Restaurant Group of New York, LLC control all of the day to day operations at the restaurants in New Jersey and New York.

Against this backdrop, the Complaint sufficiently details examples of violations, which the Secretary admitted during oral argument were representative of the illegal conduct, but not an exhaustive list. The Secretary sufficiently alleges that the Defendants used the pooled tips to pay the wages of non-tipped employees. Id. at ¶¶ 81-91. Notably, the Secretary's examples do not link each alleged example of a violation to an individual restaurant, leaving the Defendants' without means, at this stage, to muster a specific defense.

Defendants' demand that the Complaint include additional information is understandable. Comprehensive pleadings, however, are not required at this stage of the case. See Davis, 795 F.3d 243 (quoting Lundy 711 F.3d 106 (2d Cir. 2013) (stating plaintiffs need not "identify the exact time and dates that she worked overtime."). The Court finds that Defendants' arguments sound in summary judgment, because they make challenge facts and invite the Court to consider documents outside of the Complaint. See, e.g., Abigail Alliance for Better Access to Developmental Drugs v. von Eschenbach, 495 F.3d 695, 723 (D.C.Cir. 2007) (observing that "a factual question ... is not properly resolved at the motion-to-dismiss stage when all reasonable inferences

must be drawn to the plaintiff's benefit"). Taking the facts as plead in the Complaint as true, the Secretary sets forth plausible claims of violations of the FLSA. Defendants' motion is denied on this basis.

C. Res Judicata

Defendants further allege that dismissal is warranted because the Secretary is precluded, under the doctrines of res judicata and collateral estoppel, from "re-litigating" these claims in light of the NJDOL's Orders of "no violation." The Court disagrees.

Under the Full Faith and Credit Clause of the United States Constitution, "the judicial proceedings of a state court shall have the same full faith and credit within every court in the United States as they have by law or usage in the courts of the issuing state." Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 141 (3d Cir. 1999). The preclusive effect of a state court judgment in federal court is governed by the law of the rendering state. See 28 U.S.C. § 1738. Therefore, New Jersey law is applicable to the preclusive effect of the previous state court proceedings on the present claim.

The doctrine of claim preclusion, or res judicata, prohibits a plaintiff from re-litigating the same claim against the same parties, provided the claims have previously been fairly litigated and determined. First Union Nat'l Bank v. Penn Salem Marina, Inc., 921 A.2d 417, 423 (N.J. 2007) (emphasis added). Res judicata only serves to bar a claim when:

> (1) the judgment in the prior action must be valid, final, and on the merits;
> (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow

out of the same transaction or occurrence as the claim in the earlier one.

Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398, 412, 591 A.2d 592 (1991). The doctrine of issue preclusion, or collateral estoppel, is a branch of the broader law of res judicata that bars re-litigation of any issue actually determined in a prior action between the same parties involving a different claim or cause of action. Sacharow v. Sacharow, 826 A.2d 710, 719 (N.J. 2003). The doctrine of collateral estoppel will bar subsequent re-litigation of an issue only when:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

First Union Nat'l Bank, 921 A.2d at 424. A judgment is final for the purposes of issue preclusion when it is sufficiently firm to be accorded conclusive effect. Hills Development Co. v. Bernards Tp. in Somerset County, 510 A.2d 621, 652 (N.J. 1986). To determine if the resolution was sufficiently firm to be given preclusive effect, the reviewing court must consider whether the parties were fully heard, whether a reasoned opinion was filed, and whether that decision could have been, or actually was, appealed. Burlington Northern R. Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227, 1233 n.8 (3d Cir. 1995) (citing In re Brown, 951 F.2d 564, 569 (3d Cir. 1991)). The party seeking to invoke the doctrine of issue preclusion bears the burden of demonstrating the firmness of the prior adjudication, and reasonable doubts as to what was decided by a prior judgment should be resolved against using it as estoppel. Sweeney v. Sweeney, 966

A.2d 54, 61 (N.J. Super. Ct. App. Div. 2009) (citing Shtab v. Greate Bay Hotel & Casino, Inc., 173 F.Supp.2d 255, 261 (D.N.J. 2001))

Here, Defendants bear the burden of demonstrating the applicability the defense of res judicata. See Fed. R. Civ. P. 8(c); Davis v. United States Steel Supply, 688 F.2d 166 (3d Cir. 1982) (in banc), cert. denied, 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983). The record reflects that there was no litigation to inform the determinations of the NJDOL and that the Secretary was not a party to the proceedings involving the NJDOL. The Exhibits purported to be a final determination by the NJDOL are titled "field report" or "routine inspection". See Def. Ex. A, D000002, D000004, D000001. Given these circumstances, the Secretary could not advance any argument or appeal the determination. See Burlington Northern R. Co., 63 F.3d at 1233.

In addition, the determination by the NJDOL does not appear to be a final determination worthy of preclusive effect. The Court agrees with the Secretary that, pursuant to The New Jersey Wage and Hour Law, N.J. Stat. Ann. § 34:11-4.1, et seq. and § 34:11-56a et seq. and New Jersey Uniform Administrative Procedure Rules, N.J. Admin. Code §1:1-1.1, et seq., the judicial procedure through which a final order is produced was not met. The NJDOL cannot be said to have acted in a judicial capacity based on the record before the Court. "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply" the doctrine of claim preclusion. Univ. of Tenn. v. Elliott, 478 U.S. 797-98, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).797–98. "Accordingly ... when a state agency 'acting in a judicial capacity ...

resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." Id. at 799 (quoting Utah Constr. & Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)); Kiernan v. AAA Mech., Inc., No. CIV.A. 10-4421 MLC, 2012 WL 2523040, at *3 (D.N.J. June 29, 2012).

Here, there is little indicia of a judicial proceeding and the Court finds that Defendants' have not met its burden of demonstrating that res judicata applies. Moreover, there is no credible evidence, at this juncture, that the Secretary and its New Jersey Counterpart were in privity.5 As a result, res judicata does not preclude the Secretary's Complaint in this case. Defendants' Motion to Dismiss is denied on this basis.

## IV. Conclusion

For the reasons stated herein, and those set forth on the record during the hearing, Defendants' motion to dismiss is denied. An appropriate Order shall issue.

---

5 The Supreme Court set forth several criteria for privity where non-party preclusion is appropriate:

> 1) the nonparty agrees to be bound by the determination of issues in an action between others; 2) a substantive legal relationship—i.e. traditional privity—exists that binds the nonparty; 3) the nonparty was "adequately represented by someone with the same interests who [wa]s a party"; 4) the nonparty assumes control over the litigation in which the judgment is rendered; 5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; and, 6) the nonparty falls under a special statutory scheme that "expressly foreclos[es] successive litigation by nonlitigants."

Taylor v. Sturgell, 128 S.Ct. 2161, 2173-74 (2008); Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 312–13 (3d Cir. 2009). Defendants fail to satisfy any of this criteria.

Dated: June 12, 2017

                                       /s/ Joseph H. Rodriguez
                                      HON. JOSEPH H. RODRIGUEZ,
                                      United States District Judge